IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

ANDERSON DIVISION

| | |
|---|---|
| Anthony Dye, ) | |
| ) | Civil Action No. 8:04-22031-DCN-BHH |
| Plaintiff, ) | |
| ) | **REPORT OF MAGISTRATE JUDGE** |
| vs. ) | |
| ) | |
| Jon Ozmint, Director for South ) | |
| Carolina Department of Corrections, ) | |
| ) | |
| Defendant. ) | |
| ) | |

The plaintiff, a former state prisoner proceeding *pro se*, seeks relief pursuant to Title 42, United States Code, Section 1983.

Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., this magistrate judge is authorized to review all pretrial matters in cases filed under Title 42, United States Code, Section 1983, and submit findings and recommendations to the District Court.

## BACKGROUND

The plaintiff was formerly incarcerated within the South Carolina Department of Corrections ("SCDC"). He alleges that in late August or early September 2002, while he was in the Broad River Correctional Institution, a foreign object struck his right eye. He alleges that he was seen by medical staff at the time of the incident and that his eye was flushed. He was told to return to sick call the next day, but no treatment was available that day because there was a scheduled execution. The plaintiff contends that the medical treatment he received while in SCDC custody was inadequate and that he suffered headaches and loss of vision as a result of the inappropriate care. The plaintiff also claims

that he had a heart attack while in SCDC and that he did not receive proper medical treatment for this condition. The plaintiff claims that his constitutional rights have been violated. He seeks damages in the amount of $10 million.

This is the third §1983 complaint filed by this plaintiff. The first two actions alleged improper medical treatment arising out of his alleged eye injury; in this action he adds the allegations regarding his heart condition. The first two actions were summarily dismissed for failure to exhaust administrative remedies. The plaintiff was released from prison on October 31, 2003, and filed this action on August 27, 2004.

On October 27, 2004, the defendant filed a motion for summary judgment. By order of this court filed October 27, 2004, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the plaintiff was advised of the summary judgment procedure and the possible consequences if he failed to adequately respond to the motion. On November 30, 2004, and December 30, 2004, the plaintiff filed responses to the motion for summary judgment.[1]

## APPLICABLE LAW

Federal Rule of Civil Procedure 56 states, as to a party who has moved for summary judgment:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.

Accordingly, to prevail on a motion for summary judgment, the movant must demonstrate that: (1) there is no genuine issue as to any material fact; and (2) that he is

---

[1] Also pending at this time are the plaintiff's motion to quash filed October 29, 2004, and the plaintiff's motion for discovery filed November 23, 2004. By order of this court filed March 1, 2005, discovery was stayed pending disposition of the motion for summary judgment in this case.

2

entitled to summary judgment as a matter of law. As to the first of these determinations, a fact is deemed "material" if proof of its existence or nonexistence would affect the disposition of the case under the applicable law. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). An issue of material fact is "genuine" if the evidence offered is such that a reasonable jury might return a verdict for the non-movant. *Id.* at 257. In determining whether a genuine issue has been raised, the court must construe all inferences and ambiguities against the movant and in favor of the non-moving party. *United States v. Diebold, Inc.,* 369 U.S. 654, 655 (1962).

The party seeking summary judgment shoulders the initial burden of demonstrating to the district court that there is no genuine issue of material fact. *Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986). Once the movant has made this threshold demonstration, the non-moving party, to survive the motion for summary judgment, may not rest on the allegations averred in his pleadings; rather, he must demonstrate that specific, material facts exist which give rise to a genuine issue. *Id.* at 324. Under this standard, the existence of a mere scintilla of evidence in support of the plaintiff's position is insufficient to withstand the summary judgment motion. *Anderson*, 477 U.S. at 252. Likewise, conclusory allegations or denials, without more, are insufficient to preclude the granting of the summary judgment motion. *Ross v. Communications Satellite Corp.,* 759 F.2d 355, 365 (4th Cir. 1985), *overruled on other grounds,* 490 U.S. 228 (1989). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Anderson,* 477 U.S. at 248. Accordingly, when Rule 56(e) has shifted the burden of proof to the non-movant, he must provide existence of every element essential to his action which he bears the burden of adducing at a trial on the merits.

## **ANALYSIS**

The plaintiff has brought this action against the Director of the South Carolina Department of Corrections. However, the plaintiff has alleged no individual action by this defendant that was the proximate cause of his alleged injuries. The doctrine of *respondeat superior* generally is inapplicable to §1983 suits. *Monell v. Department of Social Services*, 436 U.S. 658, 691-92 (1978); *Vinnedge v. Gibbs*, 550 F.2d 926, 928 (4th Cir. 1977).

A supervisor may be held liable for the constitutional violations committed by his subordinates, but only if the plaintiff can show that the supervisor tacitly authorized, or was deliberately indifferent to, the subordinates' actions. *Shaw v. Stroud*, 13 F.3d 791, 798 (4th Cir.), *cert. denied*, 513 U.S. 813 (1994). Supervisory liability for constitutional injuries is not imposed on a *respondeat superior* basis. *Id.* In order to hold a supervisor liable for a constitutional injury inflicted by a subordinate, a plaintiff must establish three elements: (1) the supervisor had actual or constructive knowledge that a subordinate was engaged in conduct that posed "a pervasive and unreasonable risk" of constitutional injury to people like the plaintiff; (2) the supervisor's response was so inadequate as to constitute deliberate indifference or tacit authorization of the subordinate's conduct; and (3) there is an "affirmative causal link" between the supervisor's inaction and the plaintiff's constitutional injury. *Id.* at 799. A plaintiff must generally produce evidence that the conduct complained of is prevalent or has been repeated on several occasions, and that the supervisor has refused to act "in the fact of documented widespread abuses." *Id.* (citing *Slakan v. Porter*, 737 F.2d 368, 373 (4th Cir. 1984)). The plaintiff has not met his burden.

Furthermore, the defendant, as the Director of the SCDC, is protected by Eleventh Amendment immunity. *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 66-71 (1989). The Supreme Court has stated:

> Section 1983 provides a federal forum to remedy many deprivations of civil liberties, but it does not provide a federal forum for litigants who seek a remedy against a State for

>       alleged deprivations of civil liberties. The Eleventh Amendment
>       bars such suits unless the State has waived its immunity.

*Id.* at 66. "[A] suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office ... . As such, it is not different from a suit against the State itself...." *Id.* at 71 (citations omitted).

Deliberate indifference by prison personnel to an inmate's serious illness or injury is actionable under 42 U.S.C. §1983 as constituting cruel and unusual punishment contravening the Eighth Amendment. *Estelle v. Gamble*, 429 U.S. 97, 104-105 (1976). To establish that a health care provider's actions constitute deliberate indifference to a serious medical need, the treatment must be so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness. *See Rogers v. Evans*, 792 F.2d 1052, 1058 (5th Cir. 1986).

Deliberate indifference may be demonstrated by either actual intent or reckless disregard. *Benson v. Cady*, 761 F.2d 335, 339 (7th Cir. 1985). A defendant acts recklessly by disregarding a substantial risk of danger that is either known to the defendant or would be apparent to a reasonable person in the defendant's position. *Id.* Nevertheless, mere negligence or malpractice does not violate the eighth amendment. *Estelle*, 429 U.S. at 106.

A §1983 claim is not stated by disagreements between an inmate and a physician as to treatment. *Russell v. Sheffer*, 528 F.2d 318 (4th Cir. 1975). Moreover, a medical need is "serious" if "it is diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would recognize the necessity for a doctor's attention." *Gaudreault v. Municipality of Salem, Mass*., 923 F.2d 203, 208 (1st Cir. 1990), *cert. denied*, 500 U.S. 956 (1991).

The substantial medical records in this case, together with the affidavit of Dr. Richard Bearden, clearly establish that the plaintiff received proper medical treatment while

incarcerated within the SCDC system.  Further, the record establishes that the plaintiff was not subjected to deliberate indifference as to his medical treatment.  To the contrary, the record indicates that the SCDC officials went to extraordinary measures to ensure that the plaintiff received proper treatment, including sending him to eye specialists and observing him when he complained of chest discomfort in September 15, 2003.  The records indicate that the plaintiff was given Maalox for indigestion and did not report any additional complaints upon his return to the infirmary the following day.  The plaintiff has simply not shown that the prison officials demonstrated deliberate indifference to his conditions or his complaints.

## CONCLUSION AND RECOMMENDATION

Wherefore, based upon the foregoing, it is recommended that the defendant's motion for summary judgment be granted.  The plaintiff's pending nondispositive motions will be held in abeyance pending the district court's disposition of the motion for summary judgment.  Should the district judge adopt this court's recommendation, these motions will be rendered moot.

s/Bruce H. Hendricks
United States Magistrate Judge

April 11, 2005

Greenville, South Carolina